BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT -7 1976

CLERK OF THE PANEL

IN RE COLOCOTRONIS TANKER ) DOCKET NO. 264
SECURITIES LITIGATION )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN,* AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,*
STANLEY A. WEIGEL,* AND ANDREW A. CAFFREY, JUDGES OF THE
PANEL

PER CURIAM

This litigation involves six actions pending in
three districts: three in the Southern District of New
York, two in the Eastern District of Pennsylvania and one
in the Southern District of Texas. These actions arise
from the default on loans made by European-American Banking
Corporation to a number of companies engaged in the charter-
hire of oil tankers. Each company operated one tanker, and
the companies were jointly managed by the Colocotronis family.
The plaintiff in each action is a bank that extended funds
as a participant in European-American's loans to the Colo-
cotronis companies. Five of the six plaintiffs were involved
in loans to two or more of the borrowers.

The actions basically allege that European-American
violated various federal and state securities laws by false and
misleading representations and omissions of material facts in
connection with sales of the loan participations. In addition,

_____

*Although Judges Wisdom, Lord and Weigel were unable to attend
the Panel hearing, they have, with the consent of all parties,
participated in this decision.

each action charges European-American with common law fraud
and breach of common law fiduciary duties allegedly owed to
plaintiffs with regard to the participations.  European-
American is a defendant in all six actions and is the sole
defendant in five of them.  One of the New York actions
also includes as a defendant Deutsche Bank, a German banking
institution that owns approximately twenty percent of the
stock of European-American.[1]  This action alleges that
Deutsche Bank conspired with and aided and abetted European-
American in violating federal and state securities statutes
and additionally seeks to hold Deutsche Bank liable by
virtue of its alleged control over European-American.

Defendant European-American moves the Panel for
an order transferring the Pennsylvania and Texas actions
to the Southern District of New York for coordinated or
consolidated pretrial proceedings pursuant to 28 U.S.C.
§1407.  The only party opposing the motion is defendant
Deutsche Bank.  Should the Panel find that transfer is
appropriate, however, this defendant favors the Southern
District of New York as the transferee district.

We find that these actions raise common questions
of fact and that their transfer to the Southern District
of New York under Section 1407 will best serve the convenience

[1]This action also originally included another German bank as
a defendant, Deutsche Schiffahrtsbank A.G., but that defendant
has since been dismissed.

of the parties and witnesses and promote the just and
efficient conduct of the litigation.

Defendant Deutsche Bank opposes the motion for the
reason that the claims against it are unique and therefore
should be kept separate from the rest of the litigation.
Defendant also asserts that it intends to move for dismissal
because the district court lacks in personam jurisdiction over it and
that resolution of this threshold issue may be unduly delayed
if it is required to participate in coordinated or consoli-
dated pretrial proceedings.

These arguments are not persuasive.  The actions
in this litigation clearly involve common questions of fact,
particularly regarding what European-American learned or
should have learned through its credit analysis and inves-
tigation of the shipping companies that were part of the
Colocotronis group.  Thus, transfer under Section 1407 is
necessary in order to prevent duplication of discovery,
eliminate the possibility of conflicting pretrial rulings,
and conserve the efforts of the parties, the witnesses and the
judiciary.  Moreover, because the action to which Deutsche
Bank is a party would be pending in the transferee district
regardless of the transfer we are herewith ordering, we
believe that any allegedly unique issues relating to Deutsche
Bank are more properly addressed to the transferee judge.
The transferee judge, of course, has the broad discretion to

design a pretrial program that will accommodate the needs of each party for any unique discovery or judicial attention concurrently with the conduct of common pretrial matters. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

No party questions the appropriateness of the Southern District of New York as the transferee forum for this litigation. We agree.  Three of the six actions are already pending in that district, and the parties represent that many of the relevant documents and witnesses are located there.

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles H. Tenney for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions already pending there and listed on Schedule A.

SCHEDULE A                                    DOCKET NO. 264

### SOUTHERN DISTRICT OF NEW YORK

United Virginia Bank v. European-American          Civil Action
Banking Corporation, et al.                        No. 76 Civ. 2137 (EW)

American National Bank & Trust of New              Civil Action
Jersey v. European-American Banking                No. 76 Civ. 2072 (CHT)

City National Bank of Detroit v. European-         Civil Action
American Banking Corp.                             No. 76 Civ. 2202 (KTD)

### EASTERN DISTRICT OF PENNSYLVANIA

The Fidelity Bank v. European-American             Civil Action
Banking Corporation                                No. 76-1543

First Pennsylvania Bank N.A. v. European-          Civil Action
American Banking corp.                             No. 76-1548

### SOUTHERN DISTRICT OF TEXAS

Texas Commerce Bank National Association           Civil Action
v. European-American Banking Corporation           No. 76-H-1058

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
DOCKET NO. 264   FILED

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE COLOCOTRONIS TANKER SECURITIES LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

Re:   <u>Republic National Bank of Dallas v. European-American
      Banking Corp.</u>, N.D. Texas, Civil Action No. CA 3-76-1002-G

TRANSFER ORDER

It appearing that all parties to the above-captioned action
either agree on the desirability of or do not oppose transfer
of that action from the Northern District of  Texas to the
Southern District of New York for inclusion in the coordinated
or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407
previously ordered in this litigation and pending in that
district before the Honorable Charles H. Tenney, and the Panel
having found upon consideration of the papers submitted that
the above-captioned action shares common questions of fact with
the previously transferred actions and that transfer will serve
the convenience of the parties and witnesses and promote the
just and efficient conduct of this litigation,

IT IS ORDERED that the above-captioned action be, and the
same hereby is, transferred to the Southern District of New York
and, with the consent of that court, assigned to the Honorable
Charles H. Tenney for coordinated or consolidated pretrial pro-
ceedings pursuant to 28 U.S.C. §1407 with the actions previously
transferred to that district.

FOR THE PANEL:

_John Minor Wisdom_

John Minor Wisdom
Chairman